UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD SMITH,

        Petitioner,

v.                                  CASE NO. 05-CV-72037-DT
                                  HONORABLE GEORGE CARAM STEEH

TIM BIRKETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

Howard Smith ("Petitioner"), an inmate currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for second-degree murder, Mich. Comp. L. § 750.317, felon in possession of a firearm, Mich. Comp. L. § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. L. § 750.227b, which were imposed following a jury trial in the Wayne County Circuit Court in 2002. Petitioner was sentenced to 25 to 40 years imprisonment on the murder conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises a prosecutorial misconduct claim. For the reasons stated below, the Court denies the petition for writ of habeas corpus.

**I.      Facts**

Petitioner's convictions stem from the shooting death of Johnnie Singleton at a house on Waltham Street in Detroit, Michigan on August 7, 2001. At trial, Mary Ann Jones testified that she and Singleton, her "crackhead" boyfriend, were at an abandoned house on Waltham Street on August 7, 2001 trying to make the house liveable. She knew Petitioner and knew that he sold narcotics out of a nearby "crack house." Petitioner came and went from the house they were working on a few times that day. At one point, Petitioner, accompanied by Charles Ansley, returned to the home, appeared angry, and confronted Singleton about missing narcotics. Jones tried to push Petitioner out of the house, but Petitioner pulled a gun and fired one shot. Petitioner was approximately four feet from Singleton when he fired. Singleton then ran through the house to a side door landing and collapsed.

Charles Ansley also appeared at trial. He testified that he went to the Waltham Street house with Petitioner, who confronted Singleton about missing narcotics. As the argument escalated, Jones tried to get Petitioner out of the house. Singleton was standing five or six feet away. Petitioner made an accusatory statement and fired one shot. Ansley then fled the scene.

The medical examiner testified that Singleton died from one gunshot to the left shoulder. Police officers testified about their investigation of the shooting and confirmed that the bullet removed from Singleton was consistent with a casing found at the scene.

As to the prosecutorial misconduct issue, the Michigan Supreme Court set for the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> The prosecutor began his rebuttal closing argument by contending that defense counsel had argued facts not in evidence. The prosecutor then noted that defendant was not required to present any evidence and stated, "[t]hat is what he

>did. He didn't do nothing." The trial court immediately interrupted and instructed the jury that defendant had no burden of proof, that defendant's silence could not be held against him, and that the burden of proof remained on the prosecution. Subsequently, the trial court instructed the jury that counsel's comments were not evidence and that defendant had the right to remain silent.

*People v. Smith*, No. 244238, 2004 WL 300442, *1 (Mich. App. Feb. 17, 2004) (unpublished).

At the close of trial, the jury found Petitioner guilty of second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The trial court sentenced Petitioner to 25 to 40 years imprisonment, a concurrent term of two to five years imprisonment, and a consecutive term of two years imprisonment on those convictions.

## II.     Procedural History

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claim contained in his habeas petition. The court affirmed his convictions and sentence. *People v. Smith*, No. 244238, 2004 WL 300442 (Mich. App. Feb. 17, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Smith*, 471 Mich. 868, 683 N.W.2d 676 (2004).

Petitioner thereafter filed the present habeas corpus petition asserting that the prosecutor engaged in misconduct by shifting the burden of proof during closing arguments. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

>An application for a writ of habeas corpus on behalf of a person in custody

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the

4

Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

Petitioner asserts that he is entitled to habeas relief because the prosecution engaged in misconduct by shifting the burden of proof during closing arguments. Respondent contends that this prosecutorial misconduct claim does not warrant habeas relief.

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

5

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

In this case, the Michigan Court of Appeals determined that the prosecutor's comment, while "arguably improper," did not deny Petitioner a fair trial because the trial court gave a prompt and comprehensive instruction which cured any prejudicial effect. The Court of Appeals also found that there was no reasonable probability that the prosecutor's remarks contributed to the verdict given the evidence against Petitioner. *Smith*, 2004 WL 300442 at *1.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. While it is improper for the prosecution to impliedly shift the burden of proof to a defendant, *see United States v. Clark*, 982 F.2d 965, 968-69 (6th Cir. 1993), Petitioner has

6

not shown that any prosecutorial error was so flagrant as to deprive him of a fundamentally fair trial.  Although the prosecutor's remark was improper, it was isolated in nature, was not misleading as to relevant evidence or issues in the case, and was not overly prejudicial since the trial court give a prompt and thorough curative instruction.  The trial court specifically informed the jury that the prosecution retained the burden of proof, that Petitioner had the right to remain silent and his silence could not be used against him, and that the prosecutor's comments were not evidence.  Additionally, given the evidence at trial, particularly the eyewitness testimony, it cannot be said that the prosecutor's remark rendered the trial fundamentally unfair.  Habeas relief is not warranted on basis of prosecutorial misconduct.

### V.     Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition.  Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 6, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk